IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3173-FL

| | |
|---|---|
| JOE LOGAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNKNOWN CORRECTIONAL ) | |
| OFFICER and THE UNITED STATES ) | |
| OF AMERICA, ) | |
| ) | |
| Defendants ) | |

This matter comes before the court on plaintiff's motions to appoint counsel (DE # 11, 13), motion for entry of default (DE # 17), and motion for summary judgment (DE # 19) pursuant to Federal Rule of Civil Procedure 56. Also before the court is the motion to dismiss (DE # 14) pursuant to Federal Rule of Civil Procedure 12(b)(1) of defendant the United States of America ("defendant"). Defendant responded to plaintiff's motion for summary judgment, but did not respond to plaintiff's remaining motions. Plaintiff responded to defendant's motion to dismiss. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion to dismiss, and denies plaintiff's motions.

## STATEMENT OF THE CASE

On September 27, 2010, plaintiff brought this action against two unnamed defendants alleging that they failed to protect him from an assault from another inmate. Plaintiff completed and filed the form for an action under Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), but also referenced a claim pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* On March 14, 2011, the court informed plaintiff that it was unable to determine whether plaintiff sought to proceed pursuant to Bivens or the FTCA. Accordingly, the court directed plaintiff to particularize his complaint to state whether he sought to bring his claim pursuant to Bivens, the FTCA, or both. Plaintiff, thereafter, responded that he sought to proceed pursuant to the FTCA and the United States was substituted as the sole defendant. Plaintiff subsequently filed two motions to appoint counsel.

On July 14, 2011, defendant filed a motion to dismiss arguing that the action should be dismissed because the court lacks subject matter jurisdiction over his FTCA claim. Plaintiff subsequently filed a response to defendant's motion to dismiss, a motion for entry of default, and a motion for summary judgment. Defendant responded to plaintiff's motion for summary judgment, arguing that the court should defer ruling on plaintiff's motion until after it rules on its motion regarding subject matter jurisdiction in this action. On January 17, 2012, inmate Quincy Blue filed a declaration on plaintiff's behalf.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On January 13, 2010, inmate Fnu Richardson ("Richardson") assaulted plaintiff with his cane in the common area of Unit 4A at the Federal Medical Center at Butner, North Carolina. Specifically, Richardson hit plaintiff on the left side of his face, causing him to lose sight in his left eye. Plaintiff states that Richardson exhibited violent behavior in the past and was in the possession of a dangerous weapon, i.e., his cane.

2

## DISCUSSION

A.   Motions to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motions to appoint counsel are DENIED.[1]

B.   Motion for Entry of Default

Plaintiff contends he is entitled to an entry of default because defendant failed to "plead or otherwise defend in a timely manner." (DE # 17, p. 1.) The record reflects that defendant was served on May 24, 2011, and was allowed until July 23, 2011, to answer or otherwise respond to the

---

[1] The court notes that plaintiff, in his June 13, 2011, motion to appoint counsel states that he should have continued to pursue his Bivens action in this case. Plaintiff, however, has not moved this court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include such a claim. Further, the only named defendant in this action is the United State, and the United States is not a proper party in a Bivens action. Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Finally, the court notes that the dismissal of plaintiff's Bivens claim was without prejudice and that plaintiff may re-file his Bivens action at any time.

3

complaint. Defendant timely filed its motion to dismiss on July 14, 2011. Thus, plaintiff's motion for entry of default is DENIED.

C.   Motion to Dismiss

  1.   Standard of Review

Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

  2.   Analysis

Defendant contends that this court lacks subject matter jurisdiction over plaintiff's FTCA claim. The FTCA is a waiver of the United States' sovereign immunity, which permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a); United States v. Kubrick, 444 U.S. 111, 116 n.4 (1979). Courts should not extend the waiver of the United States' sovereign immunity beyond that which Congress intended. Id. at 118; Andrews v.

4

United States, 441 F.3d 220, 223 (4th Cir. 2006), abrogated on other grounds by, Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008); United Servs. Auto. Ass'n v. United States, 105 F.3d 185, 187 (4th Cir. 1997). Plaintiff must "show that an unequivocal waiver of sovereign immunity exists . . . ." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Id.

Defendant argues that it has not waived its sovereign immunity in this case because the prison officials' alleged conduct falls within the discretionary function exception to the FTCA's waiver of immunity. Pursuant to the discretionary function exception, defendant is not liable for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). There is a two-part test used to determine whether the discretionary function exception bars a particular claim. United States v. Gaubert, 499 U.S. 315, 322 (1991). First, the "exception covers only acts that are discretionary in nature, acts that 'invovl[e] an element of judgment or choice.' " Id. (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). Second, "if the alleged conduct involves discretionary judgment, the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322-23. "Because the purpose of the exception is to prevent judicial second-guessing of the legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, . . . when properly construed, the exception protects only governmental actions and decisions based on consideration of public policy." Id. at 323.

In this case, plaintiff alleges that prison officials failed to protect him from an assault from another inmate. As for the first part of the discretionary function test, the court finds that there is a statute that requires the Bureau of Prisons to provide for the "protection" and "safekeeping" of its inmates. 18 U.S.C. § 4042(a)(2) and (a)(3). Although federal regulations require the BOP to "control inmate behavior" and "take disciplinary action" when necessary, there is no statute that requires the BOP to take a particular course of action to ensure an inmate's safety from attack by another inmate. See 28 C.F.R. § 541.1; 28 C.F.R. § 541.22; Byrd v. United States, No. 1:09CV1208, 2010 WL 4922519, *5 (E.D. Va. Nov. 29, 2010). Rather, section 4042 leaves the implementation of providing for the protection and safekeeping of its inmates to the BOP. Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. June 2, 2008). Because BOP employees are allowed discretion in how they provide for the protection and safekeeping of its inmates, the first prong of the discretionary function test is satisfied.

The court next turns to the second prong of the discretionary function test-whether the judgment is of the kind that the discretionary function exception was designed to shield. Courts have held that the decision of how to protect an inmate from an assault from another inmate is the type of decision the discretionary function exception is designed to shield. Byrd, 2010 WL 4922519, * 5 (citing Bell v. Wolfish, 441 U.S. 520, 547-48 (1970); Whitley v. Albers, 475 U.S. 312, 321-322 (1986). Moreover, circuit courts have held that FTCA actions filed by federal inmates for injuries caused by fellow inmates are barred by the discretionary function exception. See Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002); Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998); Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795-96 (8th Cir. 1998); Calderon v. United States, 123 F.3d 947, 949-50 (7th Cir. 1997); Buchanan v. United States, 915 F.2d 969,

972 (5th Cir. 1990); McGhee v. United States, No. 09-CT-3192-BO, 2011 WL 474413 at *5 (E.D.N.C. Feb. 4, 2011). Based upon the foregoing, the court finds that both prongs of the discretionary function test are satisfied. Thus, the discretionary function exception applies, and plaintiff's FTCA claim is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based upon the foregoing, plaintiff's motions to appoint counsel (DE # 11 and 13) and motion for entry of default (DE # 17) are DENIED. Defendant's motion to dismiss (DE # 14) is GRANTED. Because the court lacks subject matter jurisdiction over this action, plaintiff's motion for summary judgment (DE # 19) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27 day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge

7